976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cyrus GHAZALI, Defendant-Appellant.
 No. 91-10265.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1992.
Decided Sept. 21, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cyrus Ghazali was convicted of several charges relating to distribution of cocaine, opium and heroin. On appeal, he claims outrageous government conduct and ineffective assistance of counsel.
 
 OUTRAGEOUS CONDUCT
 
 3
 Appellant claims that the government's actions leading to his arrest were "so outrageous" that his due process rights were violated (citing United States v. Russell, 411 U.S. 423, 435 (1973)). Appellant lists six reasons: (1) the government solicited him through an informant; (2) the government informant introduced Ghazali to an undercover agent; (3) the government provided money for necessities such as car repairs so that Ghazali could continue the operation; (4) the government provided plane fare so that he could transport drugs; (5) the government provided scales for him to weigh drugs; and (6) the government continued the operation after it had sufficient evidence to arrest him. While these actions, on their face, are close to the line this court indicated exists in United States v. Bagnariol, 665 F.2d 877, 882-83 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982), when they are viewed in the "light most favorable to the government," id. at 883, the actions are not " 'so grossly shocking and so outrageous as to violate the universal sense of justice.' " Id. (quoting United States v. Ryan, 548 F.2d 782, 789 (9th Cir.1976), cert. denied, 430 U.S. 965 (1977)).
 
 
 4
 Therefore, we hold that the government's conduct did not violate Ghazali's due process protections.
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 5
 An ineffective assistance of counsel claim may be raised on direct appeal if the record is sufficiently complete to allow this panel to decide the issue. United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). The customary procedure for raising this claim, however, is by collateral attack under 28 U.S.C. § 2255. Id. A habeas proceeding is preferred because it allows a district judge to determine if the claim has merit, to develop a record as to what counsel did and why, and to determine if there was any prejudice. Id. (citing United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988)). The question is whether the record is sufficient to allow us to consider the claim.
 
 
 6
 Until shortly before trial, the case was going to be handled by a plea bargain. Ghazali claims that as a consequence, his lawyer did not sufficiently investigate the case. An adequate investigation, he claims, would have turned up witnesses who would have assisted in presenting his entrapment and duress defenses. Ghazali's counsel acknowledged that he conducted no pre-trial investigation prior to the Saturday before the start of the trial on Monday.
 
 
 7
 We decline to reach Ghazali's claims of ineffective assistance of counsel in this direct appeal but without prejudice to Ghazali's presentation of those claims by habeas corpus. See United States v. Schmit, 881 F.2d 608, 614 (9th Cir.1989). The record is insufficiently developed at this stage to permit us to evaluate the competency of counsel's representation, to determine which aspects of the representation were tactical decisions, or to assess the prejudice, if any, that counsel's performance occasioned.
 
 
 8
 We do hold, however, that counsel's decision to testify at trial does not fall within any of the exceptions to the general bar against the testimony of counsel that we recognized in United States v. Prantil, 764 F.2d 548, 553 n. 2 (9th Cir.1985). Contrary to the government's contention, Ghazali's counsel did not testify about an "uncontested matter." Id. Trial counsel testified because the government refused to agree that the plea bargain arrangement under which the government interviewed Ghazali, only allowed use of Ghazali's statements in that interview to impeach him. In fact, counsel for the government cross-examined Ghazali's counsel to elicit its version of the arrangement. This is not the stuff of which an uncontested matter is made.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3